IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR EDWARDS, | CASE NO. CV-F-03-6233 REC WMW HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RE PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | [Doc. 13] |
| JOHN MARSHALL, Warden | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

**FACTUAL BACKGROUND**

Petitioner was convicted in Los Angeles County in 1986 of second degree murder. He is serving a term of seventeen years to life. Petitioner is eligible for parole and participated in a parole hearing on October 10, 1996. At that parole hearing, Petitioner was confronted with information in his central file which indicated that he had an affiliation with the Crips street gang. Petitioner was denied parole.

**STANDARD OF REVIEW**

A. JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to

1  the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the
2  United States. 28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v. Taylor, 120 S.Ct. 1495, 1504
3  fn.7 (2000).  Relief under Section 2254 also extends to state prisoners who challenge prison disciplinary
4  proceedings on Constitutional grounds.  White v. Lambert, 370 F.3d 1002, 1005 - 1006.   Petitioner
5  asserts that he suffered violations of his rights as guaranteed by the United States Constitution in
6  connection with a prison disciplinary proceeding. Accordingly, the court has jurisdiction over the action.

7  On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996
8  ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v.
9  Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997);
10 Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769
11 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh
12 v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after
13 statute's enactment).  The instant petition was filed on September 11, 2003, after the enactment of the
14 AEDPA, thus it is governed by its provisions.

15 B.  STANDARD OF REVIEW

16 This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody
17 pursuant to the judgment of a State court only on the ground that he is in custody in violation of the
18 Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

19 The AEDPA altered the standard of review that a federal habeas court must apply with respect
20 to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct.
21 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless
22 the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable
23 application of, clearly established Federal law, as determined by the Supreme Court of the United
24 States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light
25 of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123
26 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d
27 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may
28 not issue the writ simply because that court concludes in its independent judgment that the relevant

2

state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

Petitioner contends that his due process rights have been violated because prison officials refuse to expunge certain documents from his Central File. Petitioner claims that these documents erroneously identify him as a member of the Crips street gang. Petitioner states that having this information in his Central File adversely affects his hearings before the Parole Board.

In response to Petitioner's contention, Respondent makes two arguments with which the court must agree. First, Respondent argues that Petitioner has no due process right to the accuracy of his prison file. In order to state a cause of action for deprivation of procedural due process, a prisoner must first establish the existence of a liberty interest for which the protection is sought. In Sandin v. Connor, 515 U.S. 472, 487 (1995), the Supreme Court abandoned earlier case law which had held that states created protectable liberty interests by way of mandatory language in prison regulations. Id. Instead, the Court adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. Id. In doing so, the Court held that liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484. One of the factors for courts to consider in determining whether such a hardship is imposed is whether the State's action will

inevitably affect the duration of his sentence." Id. at 487. The Court found that placing an inmate in disciplinary segregation was not such an action, indicating that although misconduct was considered in making a parole decision, "the chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." Id. As Respondent argues, for Petitioner to show that the Due Process clause is implicated in his case, he would similarly have to show that the allegedly false information will "inevitably" affect the duration of his sentence. The court finds, as was the case in Sandin, that the decision to release a prisoner rests on a myriad of considerations, and Petitioner cannot make the required showing that the inclusion of the allegedly false information with inevitably affect the duration of his sentence.

Second, Respondent argues that even if Petitioner possessed a due process right to the accuracy of his Central File, he cannot prevail on his claim that the information regarding gang affiliation should be removed from his file. In cases of an evidentiary challenge to a prison disciplinary proceeding, the standard to be applied is whether there is "some evidence." Superintendent v. Hill, 472 U.S. 445, 454 (1985). In this case, Respondent has provided as an exhibit an incident report dated December 2, 1987, in which Program Administrator Eugene Dawson, Jr., states that Petitioner informed him that he was a "Crip." Respondent also provides a transcript of the 1996 parole hearing at which a November 30, 1987 memorandum was discussed. In that memorandum, Correctional Officer Cooley states that when asked, Petitioner stated that he was a "Crip." Thus, the court finds that there was clearly "some evidence" to support the finding in his Central File that he is a gang member, and Petitioner cannot prevail on a due process challenge to the inclusion of that information.

In conclusion, the court finds that Petitioner does not possess a due process interest in the accuracy of his prison records and his petition must be denied. Even if Petitioner had such a right, sufficient evidence exists to support prison officials' decision to include the gang affiliation information in Petitioner's file.

Based on the foregoing, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DENIED.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules

of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 30, 2006            /s/  William M. Wunderlich
mmkd34                             UNITED STATES MAGISTRATE JUDGE