IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR EDWARDS, | CASE NO. CV-F-03-6233 AWI WMW HC |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RE PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | [Doc. 29, 32] |
| JOHN MARSHALL, Warden | |
| Respondent. | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.   The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

    On March 31, 2006, the Magistrate Judge filed Findings and Recommendations that recommended the petition for writ of habeas corpus be denied.  These Findings and Recommendations were served on the parties and contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty days.  Petitioner filed objections on May 1, 2006.

    In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C) this court has conducted a de novo review of this case.   See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir.

1983). Having carefully reviewed the entire file, the court finds the Findings and Recommendations to be supported by the record and by proper analysis. As explained by the Magistrate Judge, Petitioner has a liberty interest in having a correct prison record only if false designations in his record impose an atypical and significant hardship on him in relation to the ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 484 (1995). In determining whether the designation imposes an atypical and significant hardship, the court must find that the gang validation will inevitably affect the duration of Petitioner's sentence. Id. at 487. As explained by the Magistrate Judge, the decision to release a prisoner rests on a myriad of considerations, and Petitioner has been and will continue to be afforded an opportunity to explain designations in his file. Thus, the court cannot find the designation is the reason why Petitioner's parole was denied.

In order for Petitioner to set forth a cognizable claim to have erroneous information expunged from his file under the due process clause, Petitioner must show that 1) the offending information is in his file, 2) that the information is false, and 3) that it is being relied on to a constitutionally significant degree. Paine v. Baker, 595 F.2d 197, 201 (4th Cir. 1979), *cert denied*, 444 U.S. 925, 100 S.Ct. 263. As explained by the Magistrate Judge, there is insufficient evidence to conclude the information is false. There is evidence that Petitioner has admitted being a member a "crip." Plaintiff simply disputes this evidence. A prisoner's dispute of evaluations and opinions regarding him is insufficient. Paine, 595 F.2d at 201. In addition, to prevail on his expungement claim, Petitioner must demonstrate that the parole board relied on the false information to a constitutionally significant degree. Paine, 595 F.2d 201-02. Although the Fourth Circuit in Paine indicated that an inmate might obtain relief where the State is likely to rely on the false information in making a parole decision, after Sandin, an inmate must show that the false information will inevitably lengthen the duration of the inmate's incarceration. Petitioner has failed to point to any evidence that the designation will inevitably lengthen Petitioner's sentence. The false information may be considered by the parole board, but California's regulations do not require that parole be denied in the face of such a charge. Thus, the court agrees with the Magistrate Judge that Petitioner is not entitled to habeas corpus relief.

1          Based on the foregoing, it is HEREBY ORDERED  that:

2   1.     The Findings and Recommendations issued by the Magistrate Judge on

3          March 31, 2006, are a adopted in full;

4   2.     The Petition for Writ of Habeas Corpus is denied;

5   3.      The Clerk of the Court is directed to enter  judgment for Respondent and to close this case.

7   IT IS SO ORDERED.

8   **Dated:    July 22, 2006**              _____/s/ Anthony W. Ishii_____
    0m8i78                                   UNITED STATES DISTRICT JUDGE

3